# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| DEREK TYRONE JACKSON, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. CV407-135<br>[CR405-122] |

## REPORT AND RECOMMENDATION

Derek Tyrone Jackson has moved to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 1.)[1] The government has responded in opposition to the motion. (Doc. 5.) For the following reasons, the motion should be **DENIED**.

## I. BACKGROUND

On May 4, 2005, a federal grand jury indicted movant on a single count of being a felon in possession of a firearm and ammunition. (Cr.

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV407-135. "Cr. doc." refers to documents filed under movant's criminal case, CR405-122.

doc. 1.) At trial, the jury found movant guilty. (Cr. doc. 23.) On October 14, 2005, the district judge sentenced movant to seventy-six months' imprisonment, three years' supervised release, and a $100 special assessment. (Cr. doc. 31.) Movant's conviction was affirmed on appeal. United States v. Jackson, 194 F. App'x 588 (11th Cir. 2006).

Movant is currently incarcerated at the Federal Correctional Institution in Estill, South Carolina. (Doc. 1.) He timely filed his 28 U.S.C. § 2255 motion on September 13, 2007, asserting the following grounds for relief:

(1) trial counsel was ineffective for failing to explain adequately the sentencing guideline system and the advantages of pleading guilty,

(2) trial counsel acted ineffectively by coercing "petitioner to change petitioner's statement to fit counsel's own defense,"

(3) trial counsel acted ineffectively when he "irrationally and surprisingly incriminated petitioner during closing arguments," and,

(4) trial counsel acted ineffectively by belittling the jury during his closing argument.

(Doc. 1 at 5.)

Respondent filed an answer on April 7, 2008. (Doc. 5.)

## II. ANALYSIS

Movant raises four claims of ineffective assistance of counsel in his § 2255 petition. As these claims were unavailable on direct appeal, United States v. Arango, 853 F.2d 818, 823 (11th Cir. 1988), they are not procedurally barred and are a proper subject for collateral review. Massaro v. United States, 538 U.S. 500, 504 (2003); United States v. Merrill, 2008 WL 150764, at *12 (11th Cir. 2008); United States v. Souder, 782 F.2d 1534, 1539-40 (11th Cir. 1986).

To establish ineffective assistance of counsel, movant must satisfy the two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). First, movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Second, movant must demonstrate that the defective performance

prejudiced his defense to such a degree that the results of the trial are called into question. Id.

Under the first prong, deficient performance is "that which is objectively unreasonable and falls below the wide range of competence demanded of attorneys in criminal cases." Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990); Brooks v. United States, 248 F. App'x 77, 80 (11th Cir. 2007). The reasonableness of the attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Strickland, 466 U.S. at 690. The movant must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation omitted).

Under the prejudice prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is

a probability sufficient to undermine confidence in the outcome." Id. at 694.

With these considerations in mind, the Court will now address each of movant's ineffective assistance of counsel claims.

1. *Explanation of the Sentencing Guidelines and Benefits of Pleading Guilty*

Movant asserts that his counsel performed ineffectively by failing to provide him with an adequate explanation of the sentencing guidelines and the advantages and disadvantages of pleading guilty. (Doc. 1 at 5.) Specifically, he contends that although counsel "stated that [he] could change [his] plea to guilty," he "never explained the U.S. Sentencing Guideline point system" or the "benefits of accepting responsibility." (Id., Memorandum at 2.) Movant maintains that had counsel explained these things to him, he "would have highly considered reaping the benefits of accepting responsibility." (Id.)

In order to show prejudice, movant must show that there is a reasonable probability that, but for counsel's errors, he would have pled guilty and would not have insisted on going to trial. Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir. 1995). It does not appear from the record that movant ever expressed any desire to plead guilty. In fact, movant

5

maintained his innocence up to and even after trial. (Cr. doc. 43 at 18-20.) During the sentencing hearing, movant repeatedly asserted "I am innocent." (Id.) Even in this Court, he says only that he "would have highly considered reaping the benefits of accepting responsibility." (Doc. 1, Memorandum at 2); see Brooks v. United States, 248 F. App'x 77, 82 (11th Cir. 2007) (holding that movant failed to establish prejudice where he contended that but for counsel's ineffective assistance he "'probably' would have pled guilty"). On this record, the Court cannot conclude that but for counsel's alleged inadequate explanation of the sentencing guidelines and the benefits of accepting the plea offer, movant would have pled guilty. Accordingly, he has failed to establish prejudice under the second prong of Strickland.

Because movant fails to establish prejudice as to this claim, the Court need not evaluate counsel's performance. See Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); see also Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not

address the performance prong if the defendant cannot meet the prejudice prong . . . ."). Since movant failed to meet the second prong of Strickland, this ground for relief should be **DENIED**.

*2. Coercion Claim*

Movant contends that his defense counsel acted ineffectively when he "heavily coherced [sic] [movant] to change [his] statement to fit [counsel's] defense." (Doc. 1, Memorandum at 3.) He argues that "[d]ispite [sic] me telling [counsel] that the police never saw me throw nothing [sic] and that I never made it to the lane where everything supposedly happened," counsel coerced him to go along with the police's version of the events surrounding his arrest. (Id.)

Movant's contention that counsel coerced him into changing his "statement" is unfounded. Movant never testified at trial, and the defense rested after the government's case. (Cr. doc. 42 at 45.) As it appears that movant never made any "statement," his contention that counsel acted ineffectively by coercing him to change his statement is without merit.

7

### 3. *Ineffective Argument*

In addition, movant claims that counsel was ineffective for failing to argue that "[he] threw some of [his] weed and was unable to retrieve the rest of [his] weed out of [his] right pocket." (Doc. 1, Memorandum at 3.) Instead, he contends that during his closing statement, counsel did not mention that some of the marijuana was still left in movant's pocket. (Id. at 3-4.) Movant then sought to have counsel "straighten out what he just said and explain that I threw some of my weed and was unable to retrieve the rest out of my pocket." (Id. at 4.) He contends that counsel refused to clarify his statement, making it easy for the prosecution to refute his story by stating "Come on jury, if he threw his weed, he did a good job of it cause he got caught with it in his pocket." (Id.)

The record belies movant's claim. During trial, counsel argued:

> Well, they will often say, well, if you didn't have that gun, why did you run? Well, he had weed on him, unfortunately. He ran with his weed, and he threw some of it; some of it he didn't. They found the rest of it on him.

(Cr. doc. 51 at 5-6.) The record clearly shows that counsel set forth the defense that he was "supposed to." (Doc. 1, Memorandum at 3.) Accordingly, any ineffective assistance claim based on this alleged error is meritless.

*4. Belittling the Jury*

Lastly, movant claims that his counsel "belittled the jury by saying a 3rd or 4th grader could figure this out." (Doc. 1, Memorandum at 3.) As with the previous two claims, the record refutes movant's contention. Nowhere in the transcript of the closing argument does counsel say anything resembling what movant contends; accordingly, this ground for relief is meritless. (Cr. doc. 51.)

## III. CONCLUSION

For the foregoing reasons, the Court finds that movant fails to state grounds on which § 2255 relief may be granted. Accordingly, his motion should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this <u>30th</u> day of April, 2008.

/s/ G.R. SMITH<br>
**UNITED STATES MAGISTRATE JUDGE**<br>
**SOUTHERN DISTRICT OF GEORGIA**